DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Sylvania Municipal Court, Small Claims Division.
 {¶ 2} Appellee, Glen A. Derden, was employed by appellant, Sylvester Material Co., for a period of 90 days to drive trucks carrying stones. According to Derden, appellant expected appellee to drive overloaded trucks and agreed to pay any ticket received for the overload. Appellee was ticketed for driving an overloaded truck and was fined $2, 093. Due to the fact that he could not pay the fine and it appears that appellant did not pay the fine, a "block" was placed on appellee's license. Therefore, appellee could not work.[1]
 {¶ 3} On November 8, 2005, appellee filed a complaint asking the lower court to award him $3,000, plus costs, from appellant. Trial was scheduled for December 6, 2005. Appellant failed to answer prior to the trial date and did not appear for the scheduled trial. Appellee did appear and, apparently, testimony was taken.
 {¶ 4} On December 8, 2005, appellant fax-filed its answer to appellee's complaint. According to the unsworn letter accompanying the answer, appellant's attorney claimed that he mailed the original answer, plus three copies, to the Sylvania Municipal Court on November 28, 2005. The municipal court filed judgment in favor of appellee on December 21, 2005. Six days later, however, the court, on its own initiative, ordered a new trial pursuant to Civ.R. 59(D). The sole cited basis for the court's decision was "fairness."
 {¶ 5} After holding a second trial, the judge re-entered his December 21, 2005 judgment. Appellant appeals that judgment and asserts a single assignment of error:
 {¶ 6} "The trial court erred when it granted judgment in favor of appellee and against appellant."
 {¶ 7} Because the trial court did not comply with Civ.R. 59, we find that it abused its discretion in sua sponte granting a new trial, and, consequently, the judgment filed on February 6, 2006 must be vacated. Thus, appellant's assignment of error is rendered moot.
 {¶ 8} Civ.R. 59(D) provides that a court may, on its own initiative and no later than 14 days after entry of judgment, "order a new trial for any reason for which it might have granted a new trial on motion of a party." When a court allows a new trial, it "shall specify in writing the grounds upon which such new trial is granted." Civ. R. 59(A). These grounds are: (1) "[i]rregularity in the proceedings of the court, * * * or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;" (2) misconduct of the prevailing party; (3) "[a]ccident or surprise which ordinary prudence could not have guarded against;" (4) excessive or inadequate damages; (5) "[e]rror in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;" (6) "The judgment is not sustained by the weight of the evidence;" (7) "The judgment is contrary to law;" (8) newly discovered evidence which with reasonable diligence could not have discovered and produced at trial; and (9) error of law occurring at the trial. Id. Notably, a new trial may also be granted in the sound discretion of the court for good cause shown. Id.
 {¶ 9} Clearly, "fairness" does not fall within any of the grounds listed in (1) through (9). The issue, therefore, is whether "fairness," standing alone, is good cause shown. Under the facts of the case sub judice, we find that it is not. Accordingly, the trial court's attitude in sua sponte ordering a new trial pursuant to Civ.R. 59(D) was unreasonable. SeeBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} The February 6, 2006 judgment of the Sylvania Municipal Court, Small Claims Division, is found void, and this cause is remanded to that court for the sole purpose of vacating the aforementioned judgment and re-entering the court's December 21, 2005 judgment. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment void.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Skow, J. Parish, J. concur.
[1] These facts are taken from the trial court's December 21, 2005 judgment entry.